UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

United States of America,              )    Case No. 3:26-MJ-70568 MAG
                                       )
                Plaintiff,             )    STIPULATED ORDER EXCLUDING TIME
        v.                             )    UNDER THE SPEEDY TRIAL ACT
EBONY HOLT                             )    AND WAIVER UNDER FRCP 5.1
                                       )
                Defendant(s).          )

For the reasons stated by the parties on the record on  5/1/2026 and 5/6/2026 , the court excludes time under the Speedy
Trial Act from  5/6/2026  to  5/20/2026  and finds that the ends of justice served by the
continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. §
3161(h)(7)(A). The court makes this finding and bases this continuance on the following factor(s):

_____ Failure to grant a continuance would be likely to result in a miscarriage of justice.
*See* 18 U.S.C. § 3161(h)(7)(B)(i).

_____ The case is so unusual or so complex, due to *[check applicable reasons]* _____ the number of
defendants, _____ the nature of the prosecution, or _____ the existence of novel questions of fact
or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial
itself within the time limits established by this section. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

_____ Failure to grant a continuance would deny the defendant reasonable time to obtain counsel,
taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

_____ Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given
counsel's other scheduled case commitments, taking into account the exercise of due diligence.
*See* 18 U.S.C. § 3161(h)(7)(B)(iv).

_____ Failure to grant a continuance would unreasonably deny the defendant the reasonable time
necessary for effective preparation, taking into account the exercise of due diligence.
*See* 18 U.S.C. § 3161(h)(7)(B)(iv).

XX  With the consent of the defendant, and taking into account the public interest in the prompt
disposition of criminal cases, the court sets the preliminary hearing to the date set forth in the first
paragraph and — based on the parties' showing of good cause — finds good cause for extending
the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for
extending the 30-day time period for an indictment under the Speedy Trial Act (based on the
exclusions set forth above). *See* Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

**IT IS SO ORDERED.**

DATED:  May 7, 2026

Thomas S. Hixson
United States Magistrate Judge

STIPULATED: _____    Christiaan Highsmith
Attorney for Defendant         Assistant United States Attorney

v. 11/01/2018